KENNETH R. YEGAN AND CHRISTINE M. YEGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yegan v. Commissioner
Docket No. 42051-86.
United States Tax Court
T.C. Memo 1989-291; 1989 Tax Ct. Memo LEXIS 291; 57 T.C.M. (CCH) 713; T.C.M. (RIA) 89291; June 15, 1989; As corrected *291 In 1983, petitioner-husband, a municipal judge of the County of Ventura, State of California, contributed eight percent of his judicial salary to the California Judges' Retirement System. Held, petitioner-husband's contributions are not excludable from his 1983 income under section 457 of the Internal Revenue Code or section 252 of the Tax Equity and Fiscal Responsibility Act of 1982. Kenneth R. Yegan and Christine M. Yegan, pro se. William D. Reese, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief *297 Judge: Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 1,629. The issue for decision is whether petitioners are entitled to exclude from income amounts withheld from petitioner-husband's salary as contributions to the California Judges' Retirement System. See California Judges Retirement Law, Chapter 11, Title 8, California Government Code sections 75000-75110 (West 1986). In the notice of deficiency, respondent also increased petitioners' gross income by $ 112 to reflect taxable dividends reported by payers but not shown on the tax return. Petitioners raised this issue in their petition but did not address the issue further at trial or in their briefs. Therefore, we conclude that petitioners have conceded this issue. See subparagraphs (4) and (5) of Rule 151(e); Money v. Commissioner,89 T.C. 46, 48 (1987). FINDINGS OF FACT All of the facts have been stipulated. The stipulation and the stipulated exhibits are incorporated herein by this reference. At the time they filed their petition in this case, petitioners resided in Thousand Oaks, California. During 1983, Kenneth R. Yegan (Judge Yegan) was employed *298 as a municipal judge by the County of Ventura, State of California. He was a member of the California Judges' Retirement System. In general, all judges in the State of California are members of the California Judges' Retirement System. Assuming they achieve eligibility for retirement benefits (see California Govt. Code sections 75025 et seq.), retired judges receive a pension that is either 65 or 75 percent, depending on the circumstances, of the then current salary payable to sitting judges in positions comparable to that of the retiree. (California Govt. Code section 75076). As part of the cost for this retirement program, the employee-judge is required to contribute eight percent of his salary to the Retirement Fund (California Govt. Code section 75101) (hereinafter sometimes referred to as the "mandatory employee contribution"). This mandatory employee contribution is withheld from the judge's monthly salary. The State or County employer also contributes to the Fund an amount equal to eight percent of the judge's paid salary. (California Govt. Code sections 75102-75103.) On their Federal income tax return for 1983, petitioners claimed an exclusion from income of $ 4,432. *299 That amount was equal to eight percent of Judge Yegan's wages as a Judge of the Municipal Court, and was withheld from his wages as mandatory employee contributions to the California Judges' Retirement System. In the notice of deficiency issued to petitioners for 1983, respondent determined that Judge Yegan's mandatory employee contributions were not excludable from petitioners' gross income for that year. The parties have stipulated that the California Judges' Retirement System is a "qualified State judicial plan" as defined by section 131(c)(3) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2763, 2782, as added by section 252 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 ("TEFRA"). In a letter to the State of California dated March 5, 1985, respondent advised that State that the "Judges Retirement System -- State of California" was a qualified plan under section 401(a). (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) OPINION Petitioners contend that Judge Yegan's mandatory *300 employee contributions to the California Judges' Retirement System are excludable from income under the provisions of section 457 of the Internal Revenue Code, [1] as modified by section 252 of TEFRA. Petitioners argue that the mandatory employee contributions are deferred compensation not includable in income and have never been paid to, controlled, or received by Judge Yegan or otherwise made available to him. *301 Respondent, on the other hand, contends that the California Judges' Retirement System is a qualified plan under section 401 and, therefore, not subject to the provisions of section 457. Respondent further contends that section 252 of TEFRA specifically excludes a judges' retirement system such as California's from coverage under section 457. Respondent argues that the tax treatment of Judge Yegan's mandatory employee contributions to the California Judges' Plan is governed entirely by other provisions of the Internal Revenue Code. Respondent further argues that the fact that the mandatory employee contributions were never paid or made available to Judge Yegan is irrelevant to whether that amount is includable in petitioners' income. We agree with respondent. In general, a cash basis taxpayer must report gross income for the year in which it is received. Section 451(a). Usually, this is the year in which it is actually received; however, if gross income is constructively received before it is actually received, then the income is taxable for the earlier year of constructive receipt. *302 Romine v. Commissioner,25 T.C. 859, 873 (1956). Under the doctrine of constructive receipt, income not actually reduced to a taxpayer's possession is deemed to be received by the taxpayer in the year during which it is "credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions." Section 1.451-2(a), Income Tax Regs.; Blyler v. Commissioner,67 T.C. 878, 884 (1977). In addition, under the cash receipts and disbursements method of accounting, a taxpayer is required to report any item of income that is received in cash or in the form of a "cash equivalent." Sections 1.61-2(d), 1.446-1(a)(3), and 1.446l(c)(1)(i), Income Tax Regs.
An exception to the current inclusion of income exists for participants in pension plans qualified *303 under section 401(a). In general, pension plans qualified under section 401 are entitled to special benefits. Principally, the fund established to provide the benefits is tax exempt (section 501); the employer's contribution to the fund is deductible by the employer as a business expense (section 404); and the employee-participant is not taxed on the employer's contributions or earnings of the fund until the benefits are distributed to the participant (section 402(a)(1)). Generally, a participant in a plan that is not qualified under section 401 must take into income the employer's contributions as soon as the contribution becomes transferable or is no longer subject to a substantial risk of forfeiture (sections 402(b) and 83)). In general, if the plan is contributory, then the participant may neither deduct nor exclude his or her own contributions to the plan, whether or not the plan is tax-qualified. (A major exception to this general rule is provided for in the case of qualified cash or deferred arrangements under sections 401(k) and 402(a)(8).) See also section 414(h)(2). In Sims v. Commissioner,72 T.C. 996 (1979), we held that contributions to the California *304 Judges' Retirement Fund withheld from the wages of an active Justice of the Court of Appeals of the State of California were includable in gross income. We stated: Gross income includes compensation for services. [Fn. ref. omitted; sec. 61(a)(1).] Petitioner's employer (the State of California) established the level of salary to be paid as compensation for petitioner's services * * *. The employer also established a pension plan with a package of benefits. In addition to establishing certain length-of-service and age requirements for certain of the benefits, the employer required petitioner to contribute to the plan 8 percent of what was designated as petitioner's salary. * * * As we view the effect of the arrangement mandated by the Judges' Retirement Law, we conclude that there are economic benefits and there is implied consent sufficient to require inclusion in petitioners' gross income of the amounts of petitioner's contributions to the Judges' Retirement Fund. [Citations omitted; 72 T.C. at 1000.] See also Kosmal v. Commissioner,670 F.2d 842 (9th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court (employee contributions *305 to Los Angeles County Employee Retirement Association); Cohen v. Commissioner,543 F.2d 725 (9th Cir. 1976), affg. per curiam 63 T.C. 267 (1974) (employee contributions to U.S. Civil Service Retirement and Disability Fund). The Sims case, however, involved taxable years which preceded the enactment of section 457. In 1978, Congress enacted section 457 by section 131 of the Revenue Act of 1978 to provide special rules for State and local governmental plans which meet a series of detailed requirements (section 457(b)) under which deferred compensation is not includable in income until it "is paid or otherwise made available to the participants." Section 457(a). Section 457 provides that (1) if an employee or independent contractor performs services for a State government, (2) which State maintains an "eligible State deferred compensation plan," and (3) that individual is a participant in that plan, then (4) that individual could defer annually amounts of compensation (as long as the deferral does not exceed prescribed annual limitations, generally the *306 lesser of $ 7,500 or 33-1/3 percent of his or her "includible compensation"), and any income attributable to the investment of the deferred amounts, until the compensation is paid or otherwise made available to that individual. Sections 457(a), (b). Moreover, all amounts of compensation deferred under the plan, all property or rights to property purchased with the amounts deferred, and any income earned on property purchased with amounts deferred must remain assets of the State subject only to the claims of the State's general creditors. Section 457(b)(6). Pursuant to section 457(e), any participant in a State deferred compensation plan that does not meet the requirements of an "eligible plan" must include currently in income all compensation deferred under the plan, unless the amounts deferred are subject to a substantial risk of forfeiture, in which case the amounts are includable in gross income in the first taxable year in which there is no substantial risk of forfeiture. Section 457(e)(1) (now section 457(f)(1)). Certain categories of State or local governmental plans, however, *307 are not subject to this inclusion rule. The categories are listed in section 457(e)(2), now section 457(f)(2), and include, among others, a plan described in section 401(a) which includes a trust exempt from tax under section 501(a). Section 457(e)(2)(A) (now section 457(f)(2)(A)). The effective date and certain transitional rules, not applicable here, were included in section 131(c) of the Revenue Act of 1978 [2] (not included in the text of section 457). *308 Congress amended section 131 of the Revenue Act of 1978 by section 252 of TEFRA. This provision reads as follows: SEC. 252. DEFERRED COMPENSATION PLANS FOR STATE JUDGES. Subsection (c) of section 131 of the Revenue Act of 1978 is amended by adding at the end thereof the following new paragraph: "(3) Deferred compensation plans for State judges. -- "(A) In general. -- The amendments made by this section shall not apply to any qualified State judicial plan. "(B) Qualified State judicial plan. -- For purposes of subparagraph (A), the term 'qualified State judicial plan' means any retirement plan of a State for the exclusive benefit of judges or their beneficiaries if -- "(i) such plan has been continuously in existence since December 31, 1978, "(ii) under such plan, all judges eligible to benefit under the plan -- "(I) are required to participate, and "(II) required to contribute the same fixed percentage of their basic or regular rate of compensation as judge, "(iii) under such plan, no judge has an option as to contributions or benefits the exercise of which would affect the amount of includible compensation, "(iv) the retirement payments of a judge under the *309 plan are a percentage of the compensation of judges of that State holding similar positions, and "(v) the plan during any year does not pay benefits with respect to any participant which exceed the limitations of section 415(b) of the Internal Revenue Code of 1954." [Pub. L. 97-248, 96 Stat. 324, 532.] The parties agree that the California Judges' Retirement System is a "qualified State judicial plan." They do not agree, however, on the effect of TEFRA section 252 on section 457. Petitioners contend that the effect of TEFRA section 252 is to exclude specifically qualified State judicial plans from the general rule for ineligible plans set forth in section 457(e)(1), now section 457(f)(1), that compensation deferred under ineligible section 457 plans is to be included currently in gross income. Respondent, however, argues that TEFRA section 252 clearly and unambiguously excludes from the coverage of section 457 all qualified State judicial plans and that the tax treatment for contributions to these plans is governed by other provisions of the Internal Revenue Code. We had occasion recently to consider this identical issue in Foil v. Commissioner,92 T.C. 376 (1989). *310 There the taxpayer, a participant in the Louisiana Retirement Plan for Judges and Court Officers, contended that his employee contributions to the plan were excludable from his income under section 457, as amended by TEFRA section 252. In Foil v. Commissioner,92 T.C. at 401, we stated that: Section 252 of TEFRA adds a new paragraph to the effective date provisions of section 131 of R.A. 1978. The reference in the new paragraph (3)(A) to "the amendments made by this section" is a reference to the amendments made by section 131 of R.A. 1978; the major such amendment is the one made by section 131(a) of R.A. 1978, adding section 457 to the Internal Revenue Code of 1954. Thus, the direct effect of the new paragraph (3)(A) is to provide that section 457 of the Internal Revenue Code does not apply to "any qualified State judicial plan." [Emphasis added.] We stated further, 92 T.C. at 408, that: Indeed, it would appear from th[e] legislative history [pertaining to TEFRA section 252] that the early drafters of section 252 of TEFRA understood that ineligible section 457 plans which were excluded *311 from section 457(e)(1) pursuant to section 457(e)(2) also were excluded altogether from the provisions of section 457. [Fn. ref. omitted.] We have found nothing in the legislative history that would require us to conclude that the Congress did not mean exactly what it said in the text of TEFRA section 252. See Gunther v. Commissioner,92 T.C. 39, 56-57, 60, 65 (1989); Pallottini v. Commissioner,90 T.C. 498, 503 (1988). If we may paraphrase the conclusion and direction of the Supreme Court in Aaron v. SEC,446 U.S. 680, 700 (1980), "It seems clear, therefore, that the legislative history, albeit ambiguous may be read in a manner entirely consistent with the plain meaning of [sec. 252 of TEFRA]. In the absence of a conflict between reasonably plain meaning and legislative history, the words of the statute must prevail." (Fn. refs. omitted.) See also TVA v. Hill,437 U.S. 153, 173 (1978). We agree with respondent that the tax treatment of contributions under a qualified State judicial plan is not determined under section 457 or any other part of section 131 of R.A. 1978, as amended by section 252 of *312 TEFRA. [Fn. ref. omitted; emphasis added.] We find Foil controlling here. Since, by stipulation of the parties, the California Judges' Retirement System is deemed to be a qualified State judicial plan, Judge Yegan's mandatory employee contributions are excluded by TEFRA section 252 from coverage under section 457. Consequently, petitioners may not exclude from income under section 457 Judge Yegan's mandatory employee contributions to the California Judges' Retirement System. Petitioners have put forth no other basis for excluding from income for 1983 Judge Yegan's mandatory employee contributions to the California Judges' Retirement System and we do not know of any. Thus, under the controlling precedent of the Sims case, Judge Yegan's mandatory employee contributions for 1983 are not excludable from his gross income for that year. We hold for respondent. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Sec. 457 provides, in pertinent part, as follows: SEC. 457. DEFERRED COMPENSATION PLANS WITH RESPECT TO SERVICE FOR STATE AND LOCAL GOVERNMENTS. (a) Year of Inclusion in Gross Income. -- In the case of a participant in an eligible State deferred compensation plan, any amount of compensation deferred under the plan, and any income attributable to the amounts so deferred, shall be includible in gross income only for the taxable year in which such compensation or other income is paid or otherwise made available to the participant or other beneficiary. (b) Eligible State Deferred Compensation Plan Defined. -- For purposes of this section, the term "eligible State deferred compensation plan" means a plan established and maintained by a State -- (1) in which only individuals who perform service for the State may be participants, (2) which provides that (except as provided in paragraph (3)) the maximum that may be deferred under the plan for the taxable year shall not exceed the lesser of -- (A) $ 7,500, or (B) 33-1/3 percent of the participant's includible compensation, (3) which may provide that, for 1 or more of the participant's last 3 taxable years ending before he attains normal retirement age under the plan, the ceiling set forth in paragraph (2) shall be the lesser of -- (A) $ 15,000, or (B) the sum of -- (i) the plan ceiling established for purposes of paragraph (2) for the taxable year (determined without regard to this paragraph), plus (ii) so much of the plan ceiling established for purposes of paragraph (2) for taxable years before the taxable year as has not theretofore been used under paragraph (2) or this paragraph, (4) which provides that compensation will be deferred for any calendar month only if an agreement providing for such deferral has been entered into before the beginning of such month, (5) which does not provide that amounts payable under the plan will be made available to participants or other beneficiaries earlier than when the participant is separated from service with the State or is faced with an unforeseeable emergency (determined in the manner prescribed by the Secretary by regulation), and (6) which provides that -- (A) all amounts of compensation deferred under the plan, (B) all property and rights purchased with such amounts, and (C) all income attributable to such amounts, property, or rights, shall remain (until made available to the participant or other beneficiary) solely the property and rights of the State (without being restricted to the provision of benefits under the plan) subject only to the claims of the State's general creditors. A plan which is administered in a manner which is inconsistent with the requirements of any of the preceding paragraphs shall be treated as not meeting the requirements of such paragraph as of the first plan year beginning more than 180 days after the date of notification by the Secretary of the inconsistency unless the State corrects the inconsistency before the first day of such plan year. * * * (d) Other Definitions and Special Rules. -- For purposes of this section -- (1) State. -- The term "State" means a State, a political subdivision of a State, and an agency or instrumentality of a State or political subdivision of a State. * * * (7) Community property laws. -- The amount of includible compensation shall be determined without regard to any community property laws. * * * (e) Tax Treatment of Participants Where Plan or Arrangement of State is not Eligible. -- (1) In general. -- In the case of a plan of a State providing for a deferral of compensation, if such plan is not an eligible State deferred compensation plan, then -- (A) the compensation shall be included in the gross income of the participant or beneficiary for the first taxable year in which there is no substantial risk of forfeiture of the rights to such compensation, and (B) the tax treatment of any amount made available under the plan to a participant or beneficiary shall be determined under section 72 (relating to annuities, etc.). (2) Exceptions. -- Paragraph (1) shall not apply to -- (A) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (B) an annuity plan or contract described in section 403, (C) a qualified bond purchase plan described in section 405(a), (D) that portion of any plan which consists of a transfer of property described in section 83, and (E) that portion of any plan which consists of a trust to which section 402(b) applies. (3) Definitions. -- for purposes of this subsection -- (A) Plan includes arrangements, etc. -- The term "plan" includes any agreement or arrangement. (B) Substantial risk of forfeiture. -- The rights of a person to compensation are subject to a substantial risk of forfeiture if such person's rights to such compensation are conditioned upon the future performance of substantial services by any individual. [The subsequent amendments of this provision by sec. 491(d)(33) of the Deficit Reduction Act of 1984 (Pub. L. 98-369, 98 Stat. 494, 851), by sec. 1107(a) of the Tax Reform Act of 1986 (Pub. L. 99-514, 100 Stat. 2085, 2426), and by secs. 1011(e), 6064, and 6071(c) of the Technical and Miscellaneous Revenue Act of 1988 (Pub. L. 100-647, 102 Stat. 3460, 3700, 3705), do not affect the instant case.]↩
2. As originally enacted, section 131(c) of the Revenue Act of 1978 provided as follows: SEC. 131. DEFERRED COMPENSATION PLANS WITH RESPECT TO SERVICE FOR STATE AND LOCAL GOVERNMENTS. * * * (c) Effective Date. -- (1) In general. -- The amendments made by this section shall apply to taxable years beginning after December 31, 1978. (2) Transitional rules. -- (A) In general. -- In the case of any taxable year beginning after December 31, 1978, and before January 1, 1982 -- (i) any amount of compensation deferred under a plan of a State providing for a deferral of compensation (other than a plan described in section 457(e)(2) of the Internal Revenue Code of 1954), and any income attributable to the amounts so deferred, shall be includible in gross income only for the taxable year in which such compensation or other income is paid or otherwise made available to the participant or other beneficiary, but (ii) the maximum amount of the compensation of any one individual which may be excluded from gross income by reason of clause (i) and by reason of section 457(a) of such Code during any such taxable year shall not exceed the lesser of -- (I) $ 7,500, or (II) 33-1/3 percent of the participant's includible compensation. (B) Application of catch-up provisions in certain cases. -- If, in the case of any participant for any taxable year, all of the plans are eligible State deferred compensation plans, then clause (ii) of subparagraph (A) of this paragraph shall be applied with the modification provided by paragraph (3) of section 457(b) of such Code. (C) Application of certain coordination provisions. -- In applying clause (ii) of subparagraph (A) of this paragraph and section 403(b)(2)(A)(ii) of such Code, rules similar to the rules of section 457(c)(2) of such Code shall apply. (D) Meaning of terms. -- Except as otherwise provided in this paragraph, terms used in this paragraph shall have the same meaning as when used in section 457↩ of such Code. [Pub. L. 95-600, 92 Stat. 2782.]