STEVEN METTLER AND SHARON WALLIS METTLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mettler v. Commissioner
Docket Nos. 12072-87; 26221-87; 26222-87.
United States Tax Court
T.C. Memo 1989-301; 1989 Tax Ct. Memo LEXIS 313; 57 T.C.M. (CCH) 775; T.C.M. (RIA) 89301; 11 Employee Benefits Cas. (BNA) 1192; June 20, 1989. Curtis Darling, for the petitioners. William D. Reece, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes in the amounts and for the years as follows: Year
Deficiency
1983
$ 2,025
1984
2,118
1985
2,375
The issues for decision are whether pursuant to either section 457[1] or section 414(h)(2), petitioners are entitled to exclude from gross income amounts withheld from petitioner Sharon W. Mettler's salary and contributed to the California Judges Retirement Fund. [2]
*318 The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are found accordingly, and incorporated herein by this reference. When the petition was filed in this case, petitioners Sharon W. Mettler and Steven Mettler, husband and wife, resided in Bakersfield, California. Sharon W. Mettler will hereinafter be referred to as petitioner. During the years at issue, petitioner was employed as a municipal judge by the County of Kern, State of California. Judges who are eligible for retirement benefits (see California Govt. Code section 75025 et seq. (West 1986)) receive a pension that is either 65 or 75 percent, depending on the circumstances, of the then current salary payable to sitting judges in positions comparable to that held by the retiree. (California Govt. Code section 75076 (West 1986)). A judge eligible to participate is required to contribute eight percent of his salary to the California Judges Retirement Fund (the Retirement Fund). (California Govt. Code section 75101 (West 1986)). This eight percent mandatory employee contribution (hereinafter referred to as the "mandatory employee contributions") by a *319 participating judge is withheld from a judge's monthly salary. Petitioner's employer, the County of Kern, also contributes to the Retirement Fund an amount equal to eight percent of each judge's salary. (California Govt. Code sections 75102-75103 (West 1986)). In 1985, the State of California passed legislation (California Govt. Code section 75103.3 (West 1986)) [3] authorizing the State and the counties to "pick-up" participants' mandatory employee contributions to the Retirement Fund. On September 9, 1985, the State Controller of California issued an administrative order which ordered the State to "pick-up" the contributions of judges to the Retirement Fund effective March 20, 1986. The purposes of this legislation and administrative order was to comply with section 414(h)(2), and to permit participating judges to exclude from gross income shown on their Federal income tax returns amounts contributed to the Retirement Fund. However, in 1983, 1984, and 1985, the State Controller had not issued an administrative order to "pick-up" mandatory employee contributions by judges to the Retirement Fund. *320 The parties have stipulated that the Retirement Fund is a "qualified State judicial plan" as defined by Act section 131(c)(3) of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2782, as added by section 252 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 (TEFRA). [4] The parties have also stipulated that the Retirement Fund was a tax-qualified plan under section 401(a). *321 Petitioner made mandatory employee contributions to the Retirement Fund in the amounts of $ 4,604 in 1983, $ 5,044 in 1984, and $ 5,656 in 1985 and deducted these amounts from the gross income shown on petitioners' Federal income tax returns for these years. Petitioners' first argument is that petitioner's mandatory employee contributions to the Retirement Fund are excludable from gross income under the provisions of section 457, [5] as modified by section 252 of TEFRA. Respondent argues that petitioner's mandatory employee contributions are not subject to section 457 and are therefore not excludable from their gross income. Both parties argue, based on their interpretation of section 252 of TEFRA and its accompanying legislative history, that since the Retirement Fund is stipulated to be a "qualified State Judicial plan" as defined by TEFRA, their respective positions with respect to this issue should be sustained. Respondent also argues that section 457 is inapplicable because the Retirement Fund is a tax-qualified plan under section 401(a) and that such plan is thus excluded from the application of section 457. *322 The Statutory Framework
In general, a cash basis taxpayer must report gross income for the year in which it is received. Sec. 451(a). Usually, this is the year in which it is actually received; however, if gross income is constructively received before it is actually received, then the income is taxable for the earlier year of constructive receipt. Romine v. Commissioner,25 T.C. 859, 873 (1956). Under the doctrine of constructive receipt, income not actually reduced to a taxpayer's possession is deemed to be received by the taxpayer in the year during which it is "credited to his account, set apart for him, or otherwise made available so that he may draw upon it at anytime, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions." Sec. 1.451-2(a), Income Tax Regs.; Blyler v. Commissioner,67 T.C. 878, 884 (1977). An exception *323 to the current inclusion of income exists for participants in retirement plans which are tax-qualified under section 401(a) and which include a trust which is tax exempt under section 501(a). Participants in such plans are not taxed on the employer's contributions or the earnings of the plan until the benefits are distributed to the participant. Sec. 402(a)(1). Generally, if a plan requires contributions from a participant, then the participant may neither deduct nor exclude from income those contributions to the plan, whether or not the plan is tax-qualified under section 401(a). A major exception to this general rule is provided for in the case of qualified cash or deferred arrangements under sections 401(k) and 402(a)(8). See also sec. 414(h)(2). In Sims v. Commissioner,72 T.C. 996 (1979), a case decided for taxable years prior to the enactment of section 457, we held that amounts withheld from the wages of a participating California judge and contributed to the California Judges Retirement Fund (the Retirement Fund involved in this case) were currently includable *324 in gross income. The facts of Sims are not distinguishable from the facts before us and the parties have not requested that we reexamine our holding in that case. However, in Sims v. Commissioner, supra, we stated our holding as follows: As we view the effect of the arrangement mandated by the Judges Retirement Law, we conclude that there are economic benefits and there is implied consent sufficient to require inclusion in petitioner's gross income of the amount of petitioner's contributions to the Judges Retirement Fund. [Sims v. Commissioner, supra at 1000. Citations omitted.] See Kosmal v. Commissioner,670 F.2d 842 (9th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court [6] (employee contributions to Los Angeles County Employee Retirement Association taxable to participant); see also Cohen v. Commissioner,543 F.2d 725 (9th Cir. 1976), affg. per curiam 63 T.C. 267 (1974) (employee contributions to U.S. Civil Service Retirement and Disability Fund taxable to participant). Accordingly, petitioner's mandatory employee contributions to the Retirement Fund are includable *325 in petitioners' gross income if those contributions are not excludable pursuant to either sections 457 or 414(h) as asserted by petitioners. Section 457 Analysis
Section 457 was enacted by section 131 of the Revenue Act of 1978, Pub.L. 95-600, 92 Stat. 2763, 2799. Section 457 provides that (1) if an employee or independent contractor performs services for a State government, (2) which State maintains an "eligible State deferred compensation plan," and (3) that individual is a participant in that plan, then (4) that individual could defer annually those amounts of compensation contributed to the plan by the employee (as long as the deferral does not exceed prescribed annual limitations, generally the lesser of $ 7,500 or 33-1/3 percent of his or her "includible compensation"). Also, any income attributable to the investment of the deferred amounts is deferred. The compensation deferred is taxable to the participant when it is paid or otherwise made available to that individual. Sec. 457(a), (b). Moreover, all amounts of compensation deferred *326 under the plan, all property or rights to property purchased with the amounts deferred, and any income earned on property purchased with amounts deferred must remain assets of the State subject only to the claims of the State's general creditors. Sec. 457(b)(6). Pursuant to section 457(e)(1), any participant in a State deferred compensation plan that does not meet the requirements of an "eligible plan" must include currently in income all compensation deferred under the plan, unless the amounts deferred are subject to a substantial risk of forfeiture, in which case the amounts are includible in gross income in the first taxable year in which there is no substantial risk of forfeiture. Section 131(c) of the Revenue Act of 1978, 92 Stat. 2782 made the amendments contained in section 131(a) of the Revenue Act of 1978 (adding section 457 to the Internal Revenue Code of 1954) effective for taxable years beginning after December 31, 1978. Special transitional rules, not included in the text of section 457, were provided in section 131(c)(2) of Revenue Act of 1978, whereby *327 all plans to which the provision applied were given until January 1, 1982, to satisfy the requirements for classification as an eligible State deferred compensation plan. The parties in this case do not agree on the effect of section 457 and the fact that the Retirement Fund is a qualified State judicial plan on the resolution of the issue before us. However, this issue was recently decided in Foil v. Commissioner,92 T.C. 376 (1989). In Foil v. Commissioner, supra, we held that as a result of section 131(c)(3)(A) of the Revenue Act of 1978, as added by section 252 of TEFRA, section 457 does not apply to any "qualified State judicial plan" as defined by TEFRA. Based upon the stipulation of the parties that the Retirement Fund is a qualified State judicial plan, we hold that petitioners may not exclude from gross income petitioner's mandatory employee contributions under section 457. The parties also stipulated that the Retirement Fund was tax-qualified under section 401(a) and included a trust exempt from tax under 501(a). Because our conclusion in *328 Foil v. Commissioner, supra, disposes of the issue of whether section 457 is applicable to the facts of this case, we will not address respondent's alternative argument that contributions to taxqualified plans under section 401(a) are not eligible for deferrals under section 457. Section 414(h) Analysis
Petitioners argue that the mandatory employee contributions to the Retirement Fund are excludable from gross income under section 414(h). [7] Petitioners argue that when the mandatory employee contributions were deducted from their gross pay and contributed to the Retirement Fund this represented a "pick-up" of such contributions within the meaning of section 414(h)(2) by the State. *329 Section 414(h)(2) was enacted by section 1015 of the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829, 925. Section 414(h)(1) provides, inter alia, that amounts contributed to a tax-qualified 401(a) plan will not be treated as employer contributions if such amounts are designated under the plan as employee contributions. However, section 414(h)(2) provides an exception to this rule in the case of plans established by governmental units. Under section 414(h)(2), contributions which a governmental employer "picks-up" are treated as employer contributions even though designated as employee contributions. The Code does not define the term "pick-up" used in section 414(h)(2). The House Ways and Means Committee Report in explaining the effect of section 414(h) stated as follows (H. Rept. 93-807, p. 145 (1974), 1974-3 C.B. (Supp.) 236, 380): Designated contributions. -- Under present law, contributions which are designated as employee contributions are generally treated as employee contributions for purposes of the Federal tax law. For example, *330 this is the case with respect to employee contributions under the Federal Civil Service plan. Your committee's bill contains a provision to clarify this rule for the future. This provision provides that amounts that are contributed to a qualified plan are not to be treated as an employer contribution if they are designated as employee contributions. This provision gives effect to the source of the contributions, as designated in the plan. For example, if the appropriate committees of the Congress were to report legislation regarding employee contributions under the Federal Civil Service plan so that the present employee's contributions would become employer contributions under the Federal Civil Service plan (and that legislation were to be enacted), then those contributions would constitute employer contributions to the plan, which would be excludable from the employee's income when made. The same rule would apply to State and local governmental plans which now designate contributions as employee contributions, if the appropriate governmental bodies change the provisions of their plans. However, some State and local government plans designate certain amounts as being employee *331 contributions even though statutes authorize or require the relevant governmental units or agencies to "pick up" some or all of what would otherwise be the employee's contribution. In other words, the governmental unit pays all or part of the employee's contribution but does not withhold this amount from the employee's salary. In this situation the portion of the contribution which is "picked up" by the government is, in substance, an employer contribution for purposes of Federal tax law, notwithstanding the fact that for certain purposes of State law the contribution may be designated as an employee contribution. Accordingly, the bill provides in the case of a government pick-up plan, that the portion of the contribution which is paid by the government, with no withholding from the employee's salary, will be treated as an employer contribution under the tax law. [Emphasis added.] The Conference statement of managers explained the conference agreement regarding this provision as follows (H. Rept. 93-1280 (Conf.), p. 279 (1974), 1974-3 C.B. 415, 440): Amounts designated as employee contributions
To clarify present law, the substitute [i.e., the Conference *332 Committee's substitute for the House bill and the Senate amendment] provides that amounts contributed to a qualified plan in taxable years beginning after December 31, 1973, are to be treated as employee contributions if they are designated as employee contributions under the plan. This rule does not apply, however, to government "pick-up" plans, where the contribution is paid by the government, with no withholding from the employee's salary, and these amounts would be treated as employer contributions, no matter how designated under the plan. Thus, section 414(h)(1) provides that amounts contributed to a plan which meet the requirements of section 401(a) will not be employer contributions if those amounts are designated as employee contributions. Under California law, the deferred amounts are designated as petitioner's contributions and are then withheld from petitioner's income and paid over to the Retirement Fund. Thus, under section 414(h)(1), these amounts are employee contributions and are currently taxable to petitioner. In the instant case, the question before the Court is whether *333 the petitioner's mandatory employee contributions were "picked up" within the meaning of section 414(h)(2), before the State Controller specified that the employee contributions would be so "picked up" on March 20, 1986. The Congress did not explain, in the statute or in the Committee reports, what factual elements we are to look to in order to determine whether the "employing unit picks up the [employee's] contributions". However, in Howell v. United States,775 F.2d 887 (7th Cir. 1985), the Court of Appeals for the Seventh Circuit considered this issue. There the court held that contributions made prior to the employer's "pick-up" specification remained employee contributions for Federal tax purposes, stating as follows (775 F.2d at 890); The employee is stuck with the employer's designation, no matter what it is. Until 1981 Illinois by statute called the contributions to the Judges' Retirement System employees' contributions. This remitted Judge Howell to the presumptive rule that the whole salary is taxable. We could not accept his argument that the state "picked up" his contributions even before 1982 -- because he never saw the money *334 either before or after the new law and never has had any choice about its destination -- without either reversing one of the most venerable principle of taxation (that he who earns the money pays the full tax) or disregarding the rule that permits the employer to designate a contribution as made by it or by the employee. Illinois made one choice for years before 1982, and now (using the right to "pick up" contributions) it has made another. Judge Howell is bound by both. This exalts form over substance, no doubt. In tax, however, form and substance often coincide. The election between employers' and employees' contributions is nothing but form, and the new designation option in § 414(h)(2) simply continues the practice. A court must apply an empty distinction with the same fidelity as it applies any other. Congress may choose, if it wishes, to allow employers to control the tax consequences of pension contributions, and the selection of one device is neither better nor worse than another. * * * In Foil v. Commissioner, supra, we agreed with the Court of Appeals' rationale and holding and held that, for purposes of section 414(h)(2), the statute requires *335 that the employer make a designation, whether by statute or otherwise, to effectuate a "pick-up" of employee contributions. Section 75103.3 of the California Government Code authorized the various retirement systems to establish "pick-up" arrangements. In itself, that provision was not sufficient to effectuate a "pick-up" of employee contributions. Some further action, in this case a designation by the State Controller, was needed. The State controller did not make this designation until September 9, 1985, to be effective March 20, 1986. Before that date, petitioner's employer, in effect, made the choice to treat the employees' contributions as "employee contributions". Petitioner is bound by that election. We hold that petitioner's mandatory employee contributions to the Retirement Fund for the years at issue may not be excluded from her gross income for those years pursuant to section 414(h). Petitioner's mandatory employee contributions for the years at issue are not excludable from gross income under any of the theories advanced by petitioners. Consequently, we hold that respondent properly included petitioner's mandatory employee contributions in their gross income *336 for the years at issue. [8]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Except where otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. See California Judges Retirement Law, Chapter 11, Title 8, California Government Code sections 75000↩-75110 (West 1986).
3. Section 75103.3 of the California Government Code provided as follows: 75103.3 Notwithstanding any other provision of law, the state and the county may pick up, for the sole purpose of deferring income taxes thereon, as authorized by Section 414(h)(2) of the Internal Revenue Code (26 U.S.C.A. Sec. 414(h)(2)) and Section 17501 of the Revenue and Taxation Code, all of the normal contributions required to be deducted under Section 75102 to 75103, inclusive, and paid into the Judges' Retirement Fund. The payments shall be reported as employer-paid normal contributions and shall be credited to the judge's account. Nothing in this section shall be construed to limit the authority of the state or the county to periodically eliminate the pickup by the state of all of the normal contributions required to be paid by a judge, as authorized by this section. This section shall not affect the computation of a judge's retirement allowance.↩
4. Section 252 of TEFRA provides as follows: SEC. 252. DEFERRED COMPENSATION PLANS FOR STATE JUDGES. Subsection (3) of section 131 of the Revenue Act of 1978 is amended by adding at the end thereof the following new paragraph: "(3) Deferred compensation plans for State judges. -- "(A) In general. -- The amendments made by this section shall not apply to any qualified State judicial plan.
"(B) Qualified state judicial plan. -- For purposes of subparagraph (A), the term 'qualified State judicial plan' means any retirement plan of a State for the exclusive benefit of judges or their beneficiaries if -- "(i) such plan has been continuously in existence since December 31, 1978, "(ii) under such plan, all judges eligible to benefit under the plan -- "(I) are required to participate, and "(II) required to contribute the same fixed percentage of their basic or regular rate of compensation as judge, "(iii) under such plan, no judge has an option as to contributions or benefits the exercise of which would affect the amount of includible compensation, "(iv) the retirement payments of a judge under the plan are a percentage of the compensation of judges of that State holding similar positions, and "(v) the plan during any year does not pay benefits with respect to any participant which exceed the limitations of section 415(b) of the Internal Revenue Code of 1954↩." [Emphasis added.]
5. Sec. 457 provides as follows: SEC. 457. DEFERRED COMPENSATION PLANS WITH RESPECT TO SERVICE FOR STATE AND LOCAL GOVERNMENTS. (a) Year of Inclusion in Gross Income. -- In the case of a participant in an eligible State deferred compensation plan, any amount of compensation deferred under the plan, and any income attributable to the amounts so deferred, shall be includable in gross income only for the taxable year in which such compensation or other income is paid or otherwise made available to the participant or other beneficiary. (b) Eligible State Deferred Compensation Plan Defined. -- For purposes of this section, the term "eligible State deferred compensation plan" means a plan established and maintained by a State -- (1) in which only individuals who perform service for the State may be participants, (2) which provides that (except as provided in paragraph (3)) the maximum that may be deferred under the plan for the taxable year shall not exceed the lesser of -- (A) $ 7,500, or (B) 33-1/3 percent of the participant's includable compensation, (3) which may provide that, for 1 or more of the participant's last 3 taxable years ending before he attains normal retirement age under the plan, the ceiling set forth in paragraph (2) shall be the lesser of -- (A) $ 15,000, or (B) the sum of -- (i) the plan ceiling established for purposes of paragraph (2) for the taxable year (determined without regard to this paragraph), plus (ii) so much of the plan ceiling established for purposes of paragraph (2) for taxable years before the taxable year as has not theretofore been used under paragraph (2) or this paragraph, (4) which provides that compensation will be deferred for any calendar month only if an agreement providing for such deferral has been entered into before the beginning of such month, (5) which does not provide that amounts payable under the plan will be made available to participants or other beneficiaries earlier than when the participant is separated from service with the State or is faced with an unforeseeable emergency (determined in the manner prescribed by the Secretary by regulation), and (6) which provides that -- (A) all amounts of compensation deferred under the plan, (B) all property and rights purchased with such amounts, and (C) all income attributable to such amounts, property, or rights, shall remain (until made available to the participant or other beneficiary) solely the property and rights of the State (without being restricted to the provision of benefits under the plan) subject only to the claims of the State's general creditors. A plan which is administered in a manner which is inconsistent with the requirements of any of the preceding paragraphs shall be treated as not meeting the requirements of such paragraph as of the first plan year beginning more than 180 days after the date of notification by the Secretary of the inconsistency unless the State corrects the inconsistency before the first day of such plan year. * * * (d) Other Definitions and Special Rules. -- For purposes of this section -- (1) State. -- The term "State" means a State, a political subdivision of a State, and an agency or instrumentality of a State or political subdivision of a State. * * * (7) Community property laws. -- The amount of includable compensation shall be determined without regard to any community property laws. * * * (e) Tax Treatment of Participants Where Plan or Arrangement of State is not Eligible. -- (1) In general. -- In the case of a plan of a State providing for a deferral of compensation, if such plan is not an eligible State deferred compensation plan, then -- (A) the compensation shall be included in the gross income of the participant or beneficiary for the first taxable year in which there is no substantial risk of forfeiture of the rights to such compensation, and (B) the tax treatment of any amount made available under the plan to a participant or beneficiary shall be determined under section 72 (relating to annuities, etc.). (2) Exceptions. -- Paragraph (1) shall not apply to -- (A) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (B) an annuity plan or contract described in section 403, (C) a qualified bond purchase plan described in section 405(a), (D) that portion of any plan which consists of a transfer of property described in section 83, and (E) that portion of any plan which consists of a trust to which section 402(b) applies. (3) Definitions -- for purposes of this subsection -- (A) Plan includes arrangements, etc. -- The term "plan" includes any agreement or arrangement. (B) Substantial risk of forfeiture. -- The rights of a person to compensation are subject to a substantial risk of forfeiture if such person's rights to such compensation are conditioned upon the future performance of substantial services by any individual. (The subsequent amendments of this provision by sec. 491(d)(33) of the Deficit Reduction Act of 1984 (Pub. L. 98-369, 98 Stat. 494, 851), by sec. 1107(a) of the Tax Reform Act of 1986 (Pub. L. 99-514, 100 Stat. 2085, 2426), and by secs. 1011(e), 6064, and 6071(c) of the Technical and Miscellaneous Revenue Act of 1988 (pub. L. 100-647, 102 Stat. 3460, 3700, 3705), do not affect the instant case.↩
6. T.C. Memo. 1979-490↩.
7. Section 414(h) provides for the year at issue as follows: (h) Tax Treatment of Certain Contributions. -- (1) In general. -- Effective with respect to taxable years beginning after December 31, 1973, for purposes of this title, any amount contributed -- (A) to an employees' trust described in section 401(a), or (B) under a plan described in section 403(a) or 405(a), shall not be treated as having been made by the employer if it is designated as an employee contribution. (2) Designation by units of government. -- For purposes of paragraph (1), in the case of any plan established by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing, where the contributions of employing units are designated as employee contributions but where any employing unit picks up the contributions, the contributions so picked up↩ shall be treated as employer contributions. [Emphasis added.]
8. See Yegan v. Commissioner,T.C. Memo 1989-291↩ (June 15, 1985), where under substantially similar facts we reached the same conclusion.