JAMES W. STEWART and SUZAN B. STEWART, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stewart v. Commissioner
Docket No. 15695-87
United States Tax Court
T.C. Memo 1989-365; 1989 Tax Ct. Memo LEXIS 364; 57 T.C.M. (CCH) 1052; T.C.M. (RIA) 89365; July 25, 1989
James W. Stewart, pro se. William D. Reese, for respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: By three separate notices of deficiency respondent determined deficiencies in petitioners' income tax of $ 1,972 in 1983, $ 3,484 in 1984, and $ 2,738 in 1985. After a concession the sole issue for decision is whether petitioners' contributions to the California *367 State Judges' Retirement System are excludable from income under section 457. [1]
This case, for all practical purposes, is fully stipulated, the testimony given at trial having added nothing relevant to the outcome. The stipulation of facts and attached exhibits are incorporated herein by reference. During 1983 and 1984 petitioner James W. Stewart (hereinafter petitioner in the singular) was employed as a Municipal Court judge in California and in 1985 petitioner was employed as a judge of the Superior Court of Santa Clara County, California. Petitioner was a member of the California State Judges' Retirement System (Retirement System) throughout all the years in question. The Retirement System received a favorable determination letter from respondent dated March 5, 1985, and is a qualified pension plan pursuant to section 401. The Retirement System is also a "qualified state judicial plan" as defined in section 252 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA). [2]
*368 Petitioner made contributions to the Retirement System of $ 4,695 in 1983, $ 5,081 in 1984, and $ 2,738 in 1985. He excluded these amounts from gross income on his income tax returns for the respective years. Respondent contends that because the Retirement System is a State retirement plan qualified under section 401 it is completely excluded from the operation of section 457. Furthermore, respondent contends that the Retirement System is a qualified State judicial plan as defined in section 252 of TEFRA and is therefore completely excluded from the operation of section 457. Thus, under respondent's view of the case, the Retirement System is excluded from the operation of section 457 and petitioner's contributions to it must be included in income. Petitioner argues that his contributions to the Retirement System are excludable from income, relying primarily on the Retirement System's status as a qualified State judicial plan. We hold for respondent. In Foil v. Commissioner, 92 T.C. 376 (1989), this Court analyzed the statutory provisions relating to State judicial retirement plans and held that a judge's contributions to the Louisiana State plan are not *369 excludable from gross income. More recently, we analyzed the controlling provisions as they relate to the California Judges' Retirement System, the issue here presented, and held that a judge's contributions to the system for 1983, 1984 and 1985 are not excludable. Yegan v. Commissioner, T.C. Memo. 1989-291 (involving 1983), and Mettler v. Commissioner, T.C. Memo. 1989-301 (involving 1983, 1984 and 1985). Those opinions are dispositive of the issue presented in this case. We shall here briefly summarize the principles on which the opinions in the Foil, Yegan and Mettler cases are based. In Sims v. Commissioner, 72 T.C. 996 (1979), this Court held that contributions to the California Judges' Retirement Fund withheld from the salary of an active Justice of the Court of Appeal of the State of California were includable in his gross income. The Court concluded (supra at 1000) that "there are economic benefits and there is implied consent sufficient to require inclusion in petitioners' gross income of the amount of petitioner's contributions to the Judges' Retirement Fund." Thus, unless excludable under some statutory *370 provision, contributions to the retirement system are includable in petitioner's gross income. Section 131 of the Revenue Act of 1978, effective for periods following the ones involved in the Sims case, dealt with deferred compensation plans for State and local government employees. Part of section 131 of that Act was included in the Internal Revenue Code as section 457. Under section 457, if a State plan meets certain detailed requirements, including limitations on the amount of deferred compensation, then each participant in the plan is to defer the taxation of the deferred compensation until it "is paid or otherwise made available to the participants." Sec. 457(a). Under section 457(e)(1) (now section 457(f)(1)), any participant in a State deferred compensation plan that is not an "eligible plan" must include in income all compensation deferred under the plan, unless the amounts deferred are subject to a substantial risk of forfeiture. If subject to a substantial risk of forfeiture, the amounts are includable in gross income in the first taxable year in which there is no such risk. *371 Sec. 457(e)(1) (now sec. 457(f)(1)). Certain categories of State or local governmental plans, however, are not subject to the above rule. The categories are listed in section 457(e)(2), now section 457(f)(2), and include, among others, a plan described in section 401(a) which includes a trust exempt from tax under section 501(a). Sec. 457(e)(2)(A) (now sec. 457(f)(2)(A)). Section 252 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324 (TEFRA), amended section 131 of the Revenue Act of 1978, from which section 457 was derived, as follows: SEC. 252. DEFERRED COMPENSATION PLANS FOR STATE JUDGES. Subsection (c) of section 131 of the Revenue Act of 1978 is amended by adding at the end thereof the following new paragraph: "(3) Deferred compensation plans for State judges. -- "(A) In general. -- The amendments made by this section shall not apply to any qualified State judicial plan. "(B) Qualified State judicial plan. -- For purposes of subparagraph (A), the term 'qualified State judicial plan' means any retirement plan of a State for the exclusive *372 benefit of judges or their beneficiaries if -- "(i) such plan has been continuously in existence since December 31, 1978, "(ii) under such plan, all judges eligible to benefit under the plan -- "(I) are required to participate, and "(II) required to contribute the same fixed percentage of their basic or regular rate of compensation as judge, "(iii) under such plan, no judge has an option as to contributions or benefits the exercise of which would affect the amount of includible compensation, "(iv) the retirement payments of a judge under the plan are a percentage of the compensation of judges of that State holding similar positions, and "(v) the plan during any year does not pay benefits with respect to any participant which exceed the limitations of section 415(b) of the Internal Revenue Code of 1954." [Pub. L. 97-248, 96 Stat. 324, 532.] In Foil v. Commissioner, 92 T.C. 376 (1989), Yegan v. Commissioner, T.C. Memo. 1989-291, and Mettler v. Commissioner, T.C. Memo. 1989-301, this Court interpreted TEFRA section 252 to mean that section 457 does not apply to qualified State judicial plans. *373 In Foil v. Commissioner, 92 T.C. at 401, the Court explained: Section 252 of TEFRA adds a new paragraph to the effective date provisions of section 131 of R.A. 1978. The reference in the new paragraph (3)(A) to "the amendments made by this section" is a reference to the amendments made by section 131 of R.A. 1978; the major such amendment is the one made by section 131(a) of R.A. 1978, adding section 457 to the Internal Revenue Code of 1954. Thus, the direct effect of the new paragraph (3)(A) is to provide that section 457 of the Internal Revenue Code does not apply to "any qualified State judicial plan." [Emphasis added.] The Court stated further, 92 T.C. at 408, that: Indeed, it would appear from th[e] legislative history [pertaining to TEFRA section 252] that the early drafters of section 252 of TEFRA understood that ineligible section 457 plans which were excluded from section 457(e)(1) pursuant to section 457(e)(2) also were excluded altogether from the provisions of section 457. [Fn. ref. omitted.] We have found nothing in the legislative history that would require us to conclude *374 that the Congress did not mean exactly what it said in the text of TEFRA section 252. See Gunther v. Commissioner, 92 T.C. 39, 56-57, 60, 65 (1989); Pallottini v. Commissioner, 90 T.C. 498, 503 (1988). If we may paraphrase the conclusion and direction of the Supreme Court in Aaron v. SEC, 446 U.S. 680, 700 (1980), "It seems clear, therefore, that the legislative history, albeit ambiguous may be read in a manner entirely consistent with the plain meaning of [sec. 252 of TEFRA]. In the absence of a conflict between reasonably plain meaning and legislative history, the words of the statute must prevail." (Fn. refs. omitted.) See also TVA v. Hill, 437 U.S. 153, 173 (1978). We agree with respondent that the tax treatment of contributions under a qualified State judicial plan is not determined under section 457 or any other part of section 131 of R.A. 1978, as amended by section 252 of TEFRA. [Fn. ref. omitted; emphasis added.] Because the parties have stipulated that the Retirement System is a qualified judicial *375 plan as defined in TEFRA section 252, petitioner's contributions are excluded by TEFRA section 252 from coverage by section 457. Thus, those contributions for 1983, 1984 and 1985 are includable in his gross income for those years under the principles of Sims v. Commissioner, 72 T.C. 996 (1979). To reflect concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue.↩
2. The provisions of the Retirement System were amended on September 9, 1985 to provide for the "pick up" of employee contributions by the governmental employer pursuant to section 414(h)(2). This amendment was implemented on March 20, 1986, and thus has no bearing on the years at issue. See Mettler v. Commissioner, T.C. Memo. 1989-301↩, involving years 1983, 1984 and 1985, same as involved in instant case, discusses section 414(h).