# United States Tax Court

T.C. Memo. 2024-116

PAMUELA REYNOLDS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 21442-22.                           Filed December 30, 2024.

_____

Pamuela Reynolds, pro se.

*Jeffrey Phillips*, *Peter N. Tran*, and *Lewis A. Booth*, for respondent.


## MEMORANDUM OPINION

WAY, *Judge*: Respondent determined a deficiency of $27,655 and an accuracy-related penalty of $5,531 for an underpayment of tax required to be shown on a return attributable to a substantial understatement of income tax under section 6662(a)[1] and (b)(2) for petitioner's 2019 tax year. The sole issue remaining for decision is whether petitioner failed to report as taxable $100,231 of retirement income and is thus liable for a deficiency of $27,655.[2] By joint Motion of the parties, this case was submitted fully stipulated under Rule 122. We

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[2] Respondent has affirmatively conceded the accuracy-related penalty and petitioner, through omission, has conceded other changes to her return found in the Notice of Deficiency, including the addition of $610 in self-employment tax. *See Bradley v. Commissioner*, 100 T.C. 367, 370–71 (1993) (treating issues not raised on brief as abandoned).

**[\*2]** uphold respondent's determination as to the correct amount of petitioner's income.

## *Background*

The facts of this case are fully stipulated pursuant to Rule 122 and are so found. The Stipulation of Facts and its Exhibits are incorporated herein by this reference. Petitioner resided in Texas when she timely filed her Petition.[3]

Petitioner was formerly employed by Rice University. In 2019, while still employed, she participated in two of the university's retirement plans.[4] These were the William Marsh Rice University Defined Contribution Plan (401A) (Defined Contribution Plan) and the William Marsh Rice University Tax Deferred Annuity Plan (Annuity Plan) (collectively, Plans). The custodian for the Plans was TIAA.

As of October 1, 2019, petitioner's account balance in the Defined Contribution Plan was $160,357, and her account balance in the Annuity Plan was $860. On that day the Defined Contribution Plan distributed $156,364 to petitioner and charged a $4,009 withdrawal fee, leaving a zero balance. That same day, the Annuity Plan distributed $855 to petitioner, also leaving a zero balance after accounting for plan management fees.

Petitioner's 2019 Form 1040, U.S. Individual Income Tax Return, lists $157,219 on line 4c, "Pensions and annuities," which equals the sum of the Defined Contribution Plan and Annuity Plan distributions listed above. However, line 4d of this return lists only $56,987 as the "Taxable amount" of the distribution.

Respondent issued to petitioner a Notice of Deficiency on September 12, 2022, determining an increase in retirement-related taxable income of $100,231 to account for the retirement distributions reported by TIAA on two Forms 1099–R, Distributions From Pensions,

---

[3] Absent a stipulation under section 7482(b)(2) to the contrary, this case is thus appealable to the U.S. Court of the Appeals for the Fifth Circuit. *See* § 7482(b)(1)(A).

[4] The parties stipulated and submitted into evidence Forms W–2, Wage and Tax Statement, issued by Rice University to petitioner for the years 2013, 2015, 2017, 2018, and 2019. For each of these years the form indicates that petitioner participated in the university's retirement plan. Petitioner's Form W–2 for 2019 also indicates that she made a contribution to Rice University's section 403(b) plan.

[*3] Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for the 2019 tax year.[5]

## Discussion

### Burden of Proof

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Where there is unreported income, the Commissioner must establish a minimal evidentiary showing connecting the taxpayer with the alleged income-producing activity or demonstrate that the taxpayer actually received unreported income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019). "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Id.* at 67–68. Petitioner reported the full amount of the retirement distributions at issue on her 2019 Form 1040, albeit the bulk of it as nontaxable distributions. Thus, respondent has satisfied the presumption of correctness of his determinations.

In some cases the burden of proof with respect to relevant factual issues may shift back to the Commissioner under section 7491(a). However, petitioner has not argued nor shown that she meets the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

### Taxability of Retirement Distributions

Section 61 broadly defines gross income to include "all income from whatever source derived" and specifically enumerates annuities and pensions as items of income. *See* § 61(a)(8), (10). Generally, gross income is reported for the year in which it is received. § 451(a).

The Internal Revenue Code offers an exception for participants in certain employer-sponsored retirement plans that are "qualified" under

---

[5] These Forms 1099–R are not in the stipulated record. However, the parties did stipulate both the TIAA statements showing the amount of petitioner's funds and distributions in 2019 as well as the Notice of Deficiency, which lists the $157,218 of taxable retirement income reported on these information returns by TIAA. Moreover, as noted earlier, petitioner reported receiving the entire amount of the retirement income at issue on line 4c of her income tax return.

[*4] section 401(a). Such retirement plans tend to fall in two categories for tax purposes: defined contribution plans and defined benefit plans. *See Guilzon v. Commissioner*, 985 F.2d 819, 821 (5th Cir. 1993), *aff'g* 97 T.C. 237 (1991). Petitioner's Defined Contribution Plan is a type of qualified, defined contribution retirement savings plan. *See* § 414(i). In a defined contribution plan, participants maintain individual investment accounts whose value is determined by the market performance of employee and employer contributions, less expenses. *Id.* Petitioner's Annuity Plan is a type of qualified, defined benefit retirement plan because the amount paid as an annuity is not solely based on the market performance of the contributions. *See* § 414(j).

Contributions to these plans enjoy tax deferral so long as they do not exceed certain annual limits and the plans meet various nondiscrimination and other requirements not at issue here. *See* § 401(a). Participants in such plans are not taxed on the employer's contributions or the growth of the plan via earnings and interest until the benefits are distributed to the plan participant. *See* §§ 402(a), 403(a); *see also Mettler v. Commissioner*, T.C. Memo. 1989-301, 57 T.C.M. (CCH) 775, 777.

Other qualified retirement plans, such as those funded by so-called Roth contributions under section 402A, take the inverse approach to their tax benefit treatment. Contributions to these plans are neither deferred nor deductible, but the earnings and qualified distributions from them in the future are not includible in a taxpayer's gross income. *See* § 402A; *see also Taproot Admin. Servs., Inc. v. Commissioner*, 133 T.C. 202, 206 (2009) (describing the treatment of Roth individual retirement accounts under section 408A), *aff'd*, 679 F.3d 1109 (9th Cir. 2012). Taken together, the tax treatment for qualified retirement plans is thus binary—participants either pay tax on their contributions on the front end, or they pay tax on their distributions on the back end. *Cf.* §§ 402(a), 402A, 403(a).

Petitioner argues that her contributions were "picked up" or paid for by Rice University and that the distributions from the Plans are therefore excludable from her taxable income. Nothing in the record shows that petitioner paid tax on the contributions at the time they were made or that the Plans were Roth plans eligible for tax-free distributions.

Petitioner argues that because contributions to the Plans were mandatory and made by her employer on her behalf, they are not subject

**[\*5]** to tax. However, neither the mandatory nature of the contributions to the Plans, nor the fact that they were made by her employer, serves to exclude from tax *distributions* from such plans.

For these reasons, petitioner's 2019 distributions from the Plans are includible in her income, and respondent's determination is upheld. Petitioner is liable for the deficiency of $27,655 but is not liable for the accuracy-related penalty of $5,531.

*An appropriate order and decision will be entered.*